**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

ELMER ALLEN KESHICK, Jr.

    *Defendant*.

_____/

CASE NO: 09-20005

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

**ORDER AFTER INITIAL APPEARANCE**
**PURSUANT TO FED. R. CRIM. P. 32.1**

**I.  Introduction and Initial Appearance**

The Defendant was arrested on a warrant for supervised release violation issued by United States District Judge Ludington.  The Defendant was previously convicted of Abusive Sexual Contact Involving Young Children.  The Defendant requested appointment of counsel, and completed a Financial Affidavit.  After review of a financial affidavit, I determined that the Defendant qualified for appointment of counsel, and I directed that counsel be appointed.

The Defendant appeared with an attorney for his initial appearance on allegations of supervised release violations.  At that time, the Defendant was given the advisement of rights provided in FED. R. CRIM. P. 32.1(b)(1).

## II.  Release or Detention

Pending further proceedings, the Government moved to detain the Defendant. Rule 32.1(a)(6) gives this Magistrate Judge the authority to release or detain a person charged with supervised release violations under 18 U.S.C. § 3143(a).  The statute establishes a presumption in favor of detention that is rebuttable only upon the Defendant showing, by clear and convincing evidence, that he or she is not likely to flee or pose a danger to any other person or the community.  FED. R. CRIM. P. 32.1(a)(6).   After consultation with counsel, the Defendant consents to detention pending his revocation hearing.

## III.  Preliminary Hearing

If a person charged with supervised release violations is detained at the initial appearance, the court must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred, unless the hearing is waived. FED. R. CRIM. P. 32.1(b)(1)(A).  Counsel representing the Defendant at today's hearing advised the Court that the Defendant would waive his right to both an identity hearing and the preliminary hearing.  In response to direct questionning by the Court, I find that the Defendant is making a knowing waiver of his right to those hearings.

Therefore **IT IS ORDERED** that the Defendant be **TEMPORARILY DETAINED** until a revocation hearing to be held before United States District Judge on **Tuesday, May 7, 2013, at 1:00 p.m**.  Pending this hearing, the Defendant shall be held in custody by the United States Marshal's Service and produced for the hearing before Judge Ludington.

## V.  REVIEW

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                                                                       s/ *Charles E Binder*

Dated: May 2, 2013                                       CHARLES E. BINDER
                                                                United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and William Street, and served on the U.S. Marshals Service and Probation Officer Ade by other electronic means.

Date: May 2, 2013                By     *s/Jean L. Broucek*
                                             Case Manager to Magistrate Judge Binder